IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT DUANE FRANKLIN,

        Plaintiff,                    No. CIV S-07-2259 FCD EFB P

    vs.

G. DUDLEY, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. The order filed November 1, 2007, instructed plaintiff that he must submit an application to proceed *in forma pauperis*. On November 26, 2007, plaintiff filed a request for an extension of time in which to file his application, and a separately filed document styled as a "request for notice for a status report," containing a copy of his application as an exhibit. Accordingly, plaintiff's request for an extension of time is moot. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

        Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of

////

1

1 plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the
2 amount in the account exceeds $10 until the filing fee is paid.
3       The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it
4 does not state a cognizable claim against any defendant.
5       A prisoner who claims his Eighth Amendment guarantee against cruel and unusual
6 punishment has been violated by inadequate medical care must allege that on a specific day an
7 identified state actor with individual responsibility for obtaining or providing medical care knew
8 the prisoner faced substantial risk of serious harm but deliberately disregarded the risk by failing
9 to take reasonable measures resulting in avoidable persistent severe pain or avoidable substantial
10 personal injury. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825,
11 837 (1994).
12       To state a claim defendants provided constitutionally inadequate medical care, plaintiff
13 must allege acts or omissions evidencing identified defendants knew of and disregarded
14 plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v.*
15 *Brennan*, 511 U.S. 825, 837 (1994). Neither defendants' negligence nor plaintiff's general
16 disagreement with the treatment he received suffices to state a claim. *Estelle*, 429 U.S. at 106;
17 *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d
18 330, 331 (9th Cir. 1996).
19       Plaintiff alleges that prison medical personnel, specifically defendant Dudley, have
20 refused to provide him with a narcotic painkiller and offered alternative pain relief instead,
21 which he has not been taking. Plaintiff claims that he has been in pain as a result. These
22 allegations fail to state a claim upon which relief may be granted, because they do not indicate
23 that plaintiff faced a substantial risk of serious harm that was deliberately disregarded. The facts
24 plaintiff has alleged merely evidence plaintiff's "general disagreement with the treatment he
25 received," and therefore plaintiff has failed to state a claim.
26 /////

1    To proceed, plaintiff must file an amended complaint. Any amended complaint must
2 show that the federal court has jurisdiction and that plaintiff's action is brought in the right place,
3 that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for
4 particular relief. Plaintiff must identify as a defendant only persons who personally participated
5 in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588
6 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional
7 right if he does an act, participates in another's act or omits to perform an act he is legally
8 required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a
9 conspiracy, he must identify the participants and allege their agreement to deprive him of a
10 specific federal constitutional right.

11    In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed.
12 R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant.
13 Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or
14 occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

15    The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d
16 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any
17 heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P.
18 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

19    Plaintiff's claims must be set forth in short and plain terms, simply, concisely and
20 directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting
21 point of a simplified pleading system, which was adopted to focus litigation on the merits of a
22 claim."); Fed. R. Civ. P. 8.

23    A district court must construe pro se pleading "liberally" to determine if it states a claim
24 and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an
25 opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However,
26 the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

3

the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* 15 Cal. Admin. Code § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, the court hereby orders that:

1. Plaintiff's November 26, 2007, request for an extension of time is denied as moot.

2. Plaintiff's request to proceed *in forma pauperis* is granted.

3. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. The complaint is dismissed with leave to amend within 30 days. Plaintiff shall file an original and one copy of the amended complaint, which must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to file an amended complaint will

1  result in a recommendation this action be dismissed for failure to state a claim.  If plaintiff files
2  an amended complaint stating a cognizable claim the court will proceed with service of process
3  by the United States Marshal.

4  Dated: February 8, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE