IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT DUANE FRANKLIN,

        Plaintiff,                           No. CIV S-07-2259 FCD EFB P

    vs.

G. DUDLEY,

        Defendant.                     FINDINGS AND RECOMMENDATIONS

/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On January 8, 2008, plaintiff filed a request seeking injunctive relief. His request claims that the California Department of Corrections and Rehabilitation ("CDCR") is retaliating against him because of lawsuits he has filed. He states that he was denied showers, denied access to the law library, denied medical treatment, and then transferred to another institution where he was placed in administrative segregation and deprived of his personal property.[1] Plaintiff requests an order directing that he be released from administrative segregation, that his personal property be returned to him, and that the CDCR stop harassing him.

---

[1] On or around December 20, 2008, plaintiff was transferred from High Desert State Prison to California Medical Facility. Docket No. 8.

1

Defendant did not file a response to the motion. However, for the reasons explained below, the court finds that plaintiff is not entitled to the relief he seeks.

A temporary restraining order is available to an applicant for a preliminary injunction when the applicant may suffer irreparable injury before the court can hear the application for a preliminary injunction. Fed. R. Civ. P. 65(b) (motion for preliminary injunction shall be set for hearing at earliest possible time after entry of temporary restraining order); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974) (temporary restraining order issued in state court expired ten days after action was removed to federal court); Wright, Miller & Kane, *Federal Practice & Procedure*, § 2951 (2d ed. 1995). The court addresses the need for an injunction herein and, accordingly, a temporary restraining order pending that ruling is unnecessary.

A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). The Ninth Circuit standards for preliminary injunctive relief are well established:

> "The purpose of a preliminary injunction is to preserve rights pending resolution of the merits of the case by the trial." *Big Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1087 (9th Cir. 1989). A preliminary injunction is appropriate "where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor." *Sw. Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 918 (9th Cir. 2003) (en banc) Shelley, 344 F.3d at 917 (internal quotation marks and citations omitted). "The irreducible minimum is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation. No chance of success at all will not suffice." *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (internal punctuation and citations omitted).

*E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). And since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

This action proceeds on the March 11, 2008, amended complaint in which plaintiff claims that while housed at High Desert State Prison ("HDSP"), defendant was deliberately indifferent to his medical needs when he failed to adequately respond to plaintiff's request for narcotic pain medication. This action is not proceeding on any claim of retaliation. Because the retaliation claim raised in plaintiff's motion for injunctive relief is not part of the underlying complaint, the allegations do not assist plaintiff in showing a likelihood of success on the merits in this action. Nor has plaintiff otherwise demonstrated probable success on the merits or that serious questions have been raised.

Additionally, plaintiff's request for injunctive relief names individuals or entities who are not named as defendants in this action. This court is unable to issue an order against individuals who are not parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969).

Assuming plaintiff had raised serious questions going to the merits of this action, he has not demonstrated that the balance of relative hardships sharply tips in favor of granting preliminary injunctive relief. Indeed, weighing the relative hardships, the court finds that plaintiff has not shown a threat of irreparable harm. Plaintiff complains of harassment occurring at both HDSP (where he was previously housed) and at California Medical Facility ("CMF")

(where he is currently housed).  Where a prisoner is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. *See Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).  Here, there is no allegation of an expectation that plaintiff will be transferred back to HDSP.  As to plaintiff's request for relief with respect to conditions at CMF, he has not demonstrated how his placement in administrative segregation and the withholding of his personal property results in irreparable harm.  The alleged restrictions do not appear to have affected his ability to litigate this action.  The docket reflects that plaintiff has been able to access the court to file the following: (1) a request for an extension of time on March 3, 2008; (2) an amended complaint with numerous exhibits attached on March 11, 2008; (3) a supplement to his complaint on March 17, 2008; (4) a submission of documents on April 18, 2008; (5) objections to defendant's request for an extension of time on July 23, 2008; and (6) two additional requests for extensions of time on September 15, 2008 and September 17, 2008.  Plaintiff has not made any showing of irreparable injury.

Accordingly, it is hereby RECOMMENDED that plaintiff's January 8, 2008, request for injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

////

////

////

////

4

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  Dated:  January 30, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE