IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT DUANE FRANKLIN,

        Plaintiff,                      No. CIV S-07-2259 FCD EFB P

    vs.

G. DUDLEY,

        Defendant.                FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Defendant has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  For the reasons explained below, the motion must be denied as to plaintiff's damages claim but granted as to plaintiff's injunctive relief claim.

**I.**    **Alleged Facts**

       This action proceeds on the March 11, 2008 amended complaint in which plaintiff alleges that defendant was deliberately indifferent to his medical needs.  Plaintiff alleges he suffers from extreme pain in his left arm.  Am. Compl. ("Compl.") at 5; Mar. 17, 2008 Supp. Compl. ("Supp. Compl.") at unnumbered page 3.  Plaintiff further alleges that he received narcotic pain medication at his previous institution, but on March 22, 2007, after being transferred to High

1

Desert State Prison, defendant denied his request for the same medication. Compl. at 5, second page 3. Instead, plaintiff alleges, defendant prescribed him medications that cause him to bleed, have skin rashes, experience ringing in his ears, and cause kidney problems, as plaintiff has only one kidney. *Id.* at unnumbered page 20; Supp. Compl. at unnumbered page 3. According to plaintiff, defendant knew that he was in extreme pain, and also knew that the medications she prescribed caused plaintiff to suffer from the side effects described above because they were documented in his medical records. Compl. at 5, unnumbered page 20; Supp. Compl. at unnumbered page 3. Plaintiff requests damages, as well as a court order directing that he be transferred to an institution that can accommodate his medical needs. Compl. at 5, unnumbered page 20.

## II. Standards on a Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964, 1969, 1974 (2007).[1] Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action. *Id.* at 1965. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In assessing the sufficiency of the complaint, it's factual allegations are accepted as true. *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir. 1984). The court construes

---

[1] The court in *Twombly* rejected the prior Rule 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would entitle him to relief, stating that it "has been questioned, criticized, and explained away long enough" that it has "earned its retirement" and "is best forgotten as an incomplete, negative gloss on an accepted pleading standard" *Id.* at 1969.

2

the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include specific facts necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987)). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Sprewell*, 266 F.3d at 988.

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

////
////
////
////
////

**III.     Analysis**

Defendant argues that plaintiff's Eighth Amendment claim does not allege any facts that demonstrate defendant was deliberately indifferent to plaintiff's serious medical needs and that his injunctive relief claim is moot.[2]  Def.'s Mot. to Dism. at 3.

To prevail on a claim under the Eighth Amendment for inadequate prison medical care, a prisoner must demonstrate "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need. *Jett*, 439 F.3d at 1096.  A difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Defendant argues that plaintiff's allegations amount to nothing more than a mere difference of opinion between plaintiff and defendant as to whether narcotics were medically necessary. Def.'s Mot. to Dism. at 3.  Defendant also argues that she was not deliberately indifferent to plaintiff's medical needs because she offered plaintiff an alternative treatment to the medications that caused him stomach problems, which plaintiff refused. *Id.* at 6.  To support the assertion that alternative treatment was offered, defendant cites to the prison's First Level Response to plaintiff's inmate appeal regarding the allegations in the complaint, which is attached to the complaint. *Id.*

////

---

[2] Since the court finds that plaintiff's injunctive relief claim is moot, it need not address defendant's argument that the claim is also barred by *Armstrong v. Schwarzenegger*, No. C-94-2307 CW (N.D. Cal.), a pending class action suit involving disabled inmates. *See* Def.'s Mot. to Dism. at 7.

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. Cal. 2001) (citation omitted)). However, when a complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987), *cert. denied sub. nom. Wyoming Community Dev. Auth. v. Durning*, 484 U.S. 944 (1987). Defendant is mistaken, however, in assuming that plaintiff has conceded the factual representations in the response to the grievance by merely attaching it to his complaint. The attachment of a document as an exhibit to the complaint does not mean that the plaintiff has adopted as true all the statements in the document. *Furnace v. Sullivan*, No. C-07-4441-MMC, 2008 U.S. Dist. LEXIS 93464, at *13-14 (N.D. Cal. Nov. 10, 2008) (citing *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 674 (2d Cir. 1995)). Here, the complaint indicates that the First Level Response letter is attached simply for the purpose of proving the exhaustion of administrative remedies. Compl. at 4 (section II.C.). There is nothing in the complaint to suggest that plaintiff was adopting as true the defendant's response to the grievance. Thus, the attachment consists of factual assertions by the defendant, not the plaintiff. The complaint contains no allegations that defendant offered plaintiff an alternative treatment, and in his opposition brief, plaintiff reiterates that defendant prescribed him medications that caused him to bleed. Pl.'s Opp'n to Def.'s Mot. to Dism. ("Pl.'s Opp'n") at 12-13, 15, Pl.'s Decl in Supp. Thereof ¶ 3. Accordingly, defendant's argument reduces to a claim that what plaintiff alleges in his complaint is not true. Defendant may, at a later stage of the litigation, choose to test the sufficiency of plaintiff's evidence to prove his allegations, as well as the sufficiency of plaintiff's evidence to dispute the defendant's factual claim that alternative treatment was offered. But this instant motion is brought under Rule 12(b)(6) and is not the procedure for disputing the facts alleged in the complaint. Rather, at this stage in the proceedings, the court must take the factual allegations in plaintiff's complaint as true and construe them in a light most favorable to the nonmoving party. *Galbraith v. County*

*of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002).  The issue here is whether the facts alleged, if true, would entitle plaintiff to relief on the claim asserted.

Accepting the truth of plaintiff's allegations, the complaint alleges more than a mere "difference of opinion."  It alleges that defendant knew plaintiff was in extreme pain and knowingly prescribed him medicines that caused him bleeding, rashes, ringing in his ears, and kidney problems.  In essence, plaintiff alleges that defendant responded to his serious medical need by knowingly prescribing medications that caused plaintiff more harm than good, and thus, leaving plaintiff with no means of pain management.  *See* Compl. at second page 3.  Although defendant understandably disputes these allegations, this is not a motion pursuant to Rule 56.  Plaintiff has set forth sufficient allegations to proceed on his claim that defendant was deliberately indifferent to his medical needs.

Defendant also argues that plaintiff's request to be transferred to an institution that can accommodate his medical needs should be dismissed as moot because he has been transferred to the California Medical Facility ("CMF").  Def.'s Mot. to Dism. at 7.  Plaintiff does not respond to this argument in his opposition brief, but does indicate that he is currently taking narcotic pain medication.  Pl.'s Opp'n at 5.  Given that plaintiff is now receiving narcotics and is housed at CMF, and nothing in the record suggests he will be transferred back under the care of defendant, his request for injunctive relief is moot.  *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995).

**IV.    Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. Defendant's motion to dismiss be denied as to plaintiff's damages claim and granted as to plaintiff's injunctive relief claim; and,

2. Defendant be directed to file an answer within twenty days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 22, 2009.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE