IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT DUANE FRANKLIN,

     Plaintiff,                    No. 2:07-cv-2259 FCD KJN P

     vs.

G. DUDLEY,

     Defendant.                <u>ORDER</u>

_____/

<u>Introduction</u>

        Plaintiff, a state prisoner proceeding without counsel, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for a protective order regarding deposition testimony, filed on March 12, 2010, and plaintiff's motion to compel filed on March 17, 2010.

<u>Motion for Protective Order</u>

        "It is well-established that [under the Federal Rules of Civil Procedure,] the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." San Jose Mercury News, Inc. v. United States District Court-Northern District, 187 F.3d 1096, 1103 (9th Cir. 1999). Rule 26(c), which governs the granting of a protective order, "authorizes a

1

district court to override this presumption where 'good cause' is shown." San Jose Mercury News, 187 F.3d at 1103.  Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

To obtain a protective order, the party resisting discovery or seeking limitations must, under Rule 26(c), show good cause for its issuance.  "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992).

Additionally, a court will not grant a motion to seal documents unless the proponent makes a particularized showing either that the record is one traditionally kept secret or that there is a compelling reason for sealing the document. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  Compelling reasons that would outweigh the public's interest in disclosure include the likelihood the record would be used for an improper purpose, such as to gratify private spite, promote public scandal, circulate libelous statements or release trade secrets. Nixon v. Warner Communications, 435 U.S. 589, 598 (1978).

Plaintiff's motion is severely deficient.  Plaintiff requests the protective order to prevent annoyance, embarrassment and oppression, yet presents no arguments why the subject of the testimony would lead to this result.  Plaintiff has failed to set forth compelling reasons in favor of a protective order, thus the motion is denied.

Motion to Compel

On March 17, 2010, plaintiff filed a motion to compel answers to interrogatories. Unbeknownst to plaintiff, on the same day, March 17, 2010, defendant filed a motion for an extension to serve discovery responses as discovery was scheduled to expire on March 26, 2010.

The court granted defendant's extension and granted defendant until April 22, 2010, to serve her discovery responses. On April 7, 2010, defendant filed an opposition to plaintiff's motion to compel and indicated that due to the extension to serve discovery responses the motion to compel was moot. Though not explicitly stated, the court assumes that defendant has served the discovery responses or will serve them by April 22, 2010.

Plaintiff's motion to compel is most likely moot as the discovery responses will be served, therefore plaintiff's motion to compel is vacated. However, as the court is not aware of plaintiff's requests and what defendant intends to serve in response, plaintiff will be granted until April 30, 2010, to file any further motion to compel. Plaintiff is cautioned, however, that he should only file a further motion to compel if it is absolutely necessary.

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's motion for a protective order, filed on March 12, 2010, is denied.

2. Plaintiff's motion to compel, filed on March 17, 2010, is vacated.

3. Plaintiff has until April 30, 2010, to file a new motion to compel, only if necessary.

DATED: April 13, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

fran2259.po