IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT DUANE FRANKLIN,

        Plaintiff,                                  Civ. No. S-07-2259 KJM-KJN

    v.

G. DUDLEY,                                     ORDER DENYING MOTION TO ALTER
                                                      OR AMEND JUDGMENT
        Defendant.

_____/

        This matter comes before the court upon plaintiff's motion to alter or amend the judgment. (ECF 100.) For the following reasons, plaintiff's motion is DENIED.

I.   PROCEDURAL HISTORY

        On September 30, 2011, the court issued its order adopting in part and denying in part the magistrate judge's amended findings and recommendations and ordering the clerk of the court to enter judgment. (ECF 96.) The court granted defendant's motion for summary judgment in full on the grounds that (1) plaintiff had not raised a material issue of fact regarding his Eighth Amendment claim and (2) defendant was entitled to qualified immunity. (*Id.* at 2.) The clerk entered judgment and this case was closed on September 30, 2011.

        Plaintiff filed the present motion on October 14, 2011. (ECF 100.) Defendant filed an opposition on October 24, 2011. (ECF 102.)

1

II. <u>ANALYSIS</u>

    A.    Standard

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations and quotations omitted). The burden on the moving party is high. *See, e.g., Sec. and Exch. Comm'n v. Pattison*, 2011 U.S. Dist. LEXIS 61922, at *4-5 (N.D. Cal. Jun. 9, 2011). "'There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice . . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (quoting 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)). Rule 59(e) "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485  n.5 (2008) (quoting 11 WRIGHT ET AL., § 2810.1, at 127-128).

    B.    Application

Plaintiff contends that the court applied the standard for summary judgment incorrectly, erred in finding that no material issue of fact was raised in his Eighth Amendment claim, "failed to advise him that the defendant's motion was being taken into advisement without a hearing," and applied the incorrect legal standard for a qualified immunity claim. (*See generally* Pl.'s Mot.) Defendant contends that plaintiff has failed to carry his burden of showing that the court committed legal or factual error in granting her motion. (Def.'s Opp'n at 6.)

In alleging that the court applied an incorrect summary judgment standard, plaintiff cites a number of cases regarding the standard for deciding a motion to dismiss and otherwise mischaracterizes the standard for summary judgment. (*See, e.g.*, Pl.'s Mot. at 4 ("The court was required by law to assume that every fact that the Plaintiff stated in his complaint was absolutely true." (incorrectly citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986))).) A motion for summary judgment requires the nonmoving party to provide more than the allegations that would suffice to overcome a motion to dismiss:

> The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict. Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.

*Anderson*, 477 U.S. at 256. Plaintiff has failed to demonstrate that the court committed an error of law in its application of the summary judgment standard.

Plaintiff further implies that the court incorrectly decided material issues of fact. (Pl.'s Mot. at 5-9.) Plaintiff points to one specific example of this alleged error: the court's analysis regarding the no-narcotics policy in effect at High Desert State Prison (HDSP) at the relevant time. (*Id.* at 8.) The court adopted the amended findings and recommendations' undisputed facts section in full, in which the magistrate judge found that plaintiff failed to raise a triable issue of fact regarding whether the policy existed. (Am. F&R at 7 n.1, ECF 93.) Plaintiff is correct: in a motion for summary judgment, the court looks at the evidence in a light favorable to the nonmoving party, and makes all reasonable inferences in its favor. Fed. R. Civ. P. 56(c)(1); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, plaintiff was required to "cit[e] to particular parts of materials in the record." FED. R. CIV. P. 56(c)(1). The only evidence submitted by plaintiff to support his contention that there was no such policy is the declaration of Fred Leon Jackson, in which Mr. Jackson contended he was housed in general population and received narcotics. (Pl.'s Obj. to Def.'s

3

1  Statement of Undisputed Facts, Ex. C, ECF 75.)  As the magistrate judge found, "this
2  declaration shows that one inmate somehow obtained narcotic pain medication while in the
3  general population. How and why he got the narcotics and from whom is not explained. This
4  declaration does not raise a triable issue of fact regarding whether the policy existed prohibiting
5  inmates in the HDSP general population from being prescribed narcotics."  (Am. F&R at 7 n.1.)
6  Plaintiff has failed to demonstrate that granting his motion will correct manifest errors of law or
7  fact.

8  Plaintiff's contention that the court should grant his motion as to his Eighth
9  Amendment claim because the court incorrectly found that defendant was not deliberately
10 indifferent is also meritless.  (Pl.'s Mot. at 10-18.)  Plaintiff specifically argues that the court
11 applied the standard for determining deliberate indifference incorrectly and that the court could
12 not determine defendant's state of mind on a motion for summary judgment. (*Id*. at 17-18.)
13 Plaintiff relies on cases from the Third and Fourth Circuits to support his contention that
14 summary judgment is inappropriate when a case turns on state of mind determinations.  (Pl.'s
15 Mot. at 18.)  However, the Third Circuit case, *Coolspring Stone Supply v. American States Life*
16 *Ins. Co.*, 10 F.3d 144 (3d Cir. 1993), is inapposite and the Fourth Circuit in fact found that
17 defendants were entitled to summary judgment in the case relied on by plaintiff, *Gordon v.*
18 *Kidd*, finding that they were not deliberately indifferent.  971 F.2d 1087, 1095 (4th Cir. 1992).
19 As defendant states, "there is no authority holding that a court may not determine a party's state
20 of mind where the evidence presented on that issue is undisputed."  (Def.'s Opp'n at 4.)  Here,
21 no reasonable jury could find that defendant was deliberately indifferent.  Plaintiff has failed to
22 demonstrate that the court committed a manifest error of law in its application of the summary
23 judgment standard or in its determination that defendant was not deliberately indifferent.
24 /////
25 /////
26

4

1   Plaintiff's contention that the court applied the wrong test in determining that
2   defendant was entitled to qualified immunity (Pl.'s Mot. at 19-20) is likewise unavailing. The
3   test articulated by plaintiff is in fact the test that was applied by the court. Plaintiff provides no
4   argument regarding how the court applied this standard incorrectly.

5   Moreover, plaintiff's assertion that his motion should be granted because the
6   court did not notify him that defendant's motion for summary judgment was being taken under
7   advisement (Pl's Mot. at 18-19) is without merit. The magistrate judge advised plaintiff by
8   order dated May 13, 2008 that "all motions . . . for summary judgment . . . shall be briefed in
9   accordance with L. R. 78-230(m)."[1]  (ECF 19 ¶ 7.) Local Rule 230(l) provides: "All motions,
10  except motions to dismiss for lack of prosecution, filed in actions wherein one party is
11  incarcerated and proceeding *in propria persona*, shall be submitted upon the record without oral
12  argument unless otherwise ordered by the Court."

13  Furthermore, plaintiff states that the court committed error in not granting him
14  leave to amend his complaint. (Pl.'s Mot. at 8.) "[O]nce a judgment has been entered in a case,
15  a motion to amend the complaint can only be entertained if the judgment is first reopened under
16  a motion brought under Rule 59 or 60." *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir.
17  1996). The court will not reopen the judgment in this case.

18  In sum, the court is unpersuaded by plaintiff's arguments that the judgment
19  represents a manifest error of law or fact.
20  /////
21  /////
22  /////
23  /////
24  /////
25
26

---

[1] Local Rule 230(m) is now Local Rule 230(l).

5

1   III.  CONCLUSION

2          Accordingly, for the foregoing reasons plaintiff's motion to alter or amend the

3   judgment is DENIED.  Plaintiff's request for legal documents is also DENIED.  (ECF 99.)

4          IT IS SO ORDERED.

5   DATED:  December 14, 2011.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE